IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARIA C. FERNANDEZ | * | |
| | * | |
| v. | * | Civil No. JFM-04-3009 |
| | * | |
| LT. GEN. KEITH ALEXANDER, | * | |
| DIRECTOR, | * | |
| NATIONAL SECURITY AGENCY | * | |
| | ***** | |

MEMORANDUM

Plaintiff has brought this action for employment discrimination against the Director of the National Security Agency (the "NSA"). The Complaint contains two counts. The first count alleges discrimination from August 1998 through October 1999 while plaintiff worked for the "P2 Organization" at the NSA. I previously granted a motion for summary judgment filed by the NSA as to that count. *Fernandez v. Alexander*, No. JFM-04-3009, slip op. at *1 (D. Md. Aug. 24, 2006). The second count of the Complaint alleges that plaintiff has been retaliated against from November 1999 to the present while plaintiff has worked for the "N712 Organization" of the NSA. I previously denied a motion for summary judgment by the NSA filed as to that count to permit plaintiff to conduct discovery. *Id* at *8. Discovery has been completed and the NSA has filed a renewed summary judgment motion. The motion will be granted.

In my judgment, an extensive statement of the facts is unnecessary and a brief statement of the reasons for my ruling will suffice. The reasons are as follows:

First, the claims asserted in count II are barred because plaintiff did not timely file an administrative charge concerning the claims asserted in that count. It is true that plaintiff's claims are for retaliation and that the Fourth Circuit has held that, generally, a new administrative charge need not be filed as to a retaliation claim. *See Nealon v. Stone*, 958 F.2d

584 (4th Cir. 1992). However, this holding is based upon the principle that the scope of a civil action is limited by the scope of the administrative investigation that could have reasonably been expected to grow out of a charge filed with the EEOC. Thus, a court may only exercise jurisdiction over claims encompassed within the EEOC charge or investigation and claims "like or related to allegations contained in the charge and growing out of such allegations during the pendency of the case before the [EEOC]." *Nealon*, 958 F.2d at 590 (citations and quotation marks omitted). Here, prior to the institution of this suit, the only administrative charges filed by plaintiff related to events that occurred while she was working at the P2 Organization. The events giving rise to the claims asserted in count II involve a wholly different time frame, an entirely different work environment, and completely different actors. To interpret the holding in *Nealon* as permitting a civil action to be filed under these circumstances would undermine the judgment and directive of Congress that there be an administrative investigation into alleged violations of Title VII laws before a civil action is instituted in court.

Second, the anti-retaliation provisions of Title VII apply only to "employer actions that would have been materially adverse to a reasonable employee or job applicant." *Burlington N. & Santa Fe Ry. Co. v. White*, --- U.S. --- 126 S.Ct. 2405, 2409 (2006). Most of the employment actions cited by plaintiff – including the "leave letter;" the performance evaluations that were quite good (but not as good as plaintiff wanted); the alleged denial of access to plaintiff by Nancy D to the "registry;" and, Nancy D's complaints about plaintiff relating to that incident – do not rise to that level.

Third, there is no evidence in the summary judgment record that the NSA prepared inaccurate documents to suggest falsely that plaintiff was insubordinate over time and had

attendance issues.

Fourth, in regard to plaintiff's claim that she was denied a promotion during the 2004 promotion cycle in retaliation for her prior EEOC activity, the record demonstrates that (1) the person who made the decision not to promote plaintiff, Kelly M, was not aware of plaintiff's prior EEOC activity, and (2) plaintiff herself testified that Kelly M never took any discriminatory action against her.

Fifth, the evidence in the record is also insufficient to establish that the NSA created a hostile work environment in retaliation for plaintiff's prior EEOC activity. To the contrary, the record establishes that plaintiff's work environment was not hostile at the N712 Organization. Until a manager decided that employees should be required to work during the Organization's "core work hours," plaintiff was, in effect, permitted to work during the hours that she wanted. Further, plaintiff's performance evaluations were always in the "exceeds objectives" range, even though three of the evaluations were completed by Nancy D and Nancy N, both of whom plaintiff alleges retaliated against her. Finally, although plaintiff did not receive a promotion in 2004, she did receive a $2,000 bonus that year, and she also received a promotion the following year.

In short, the record establishes that plaintiff's claims are without merit. A separate order is being entered herewith granting judgment in favor of the NSA against plaintiff.


Date: August 27, 2007        /s/_____
                             J. Frederick Motz
                             United States District Judge

3